## BETANCOURT v. MUTUAL RESERVE FUND LIFE ASS'N.

(Circuit Court, S. D. New York.    May 7, 1900.)

COURTS—JURISDICTION—ACTION BY CITIZEN OF CUBA AGAINST A DOMESTIC COR-
PORATION.

Congress having declared by resolution that the people of the Island of Cuba "are and of right ought to be free and independent," and the status of the island in this regard not having been changed by the treaty with Spain of December 10, 1898, a citizen of Cuba is a citizen of a foreign state, within the act of congress of 1887 giving the circuit court of the United States jurisdiction of controversies "between citizens of a state and foreign states, citizens or subjects."

Motion for Judgment upon Demurrer as Frivolous.

Arthur J. Baldwin, for the motion.
W. T. B. Milliken, opposed.

LACOMBE, Circuit Judge.    The action is upon an insurance policy, and is brought in the federal court by reason of diversity of citizenship. The act of 1887 gives the circuit court jurisdiction of a controversy "between citizens of a state and foreign states, citizens or subjects." The complaint avers that the defendant is a domestic corporation organized under, and existing by virtue of, the laws of the state of New York, and having its principal office in the city of New York. This is a sufficient averment that the defendant is a "citizen of a state," to wit, New York.    The complaint further alleges that the plaintiff is, and at all the times hereinafter mentioned has been, a resident and inhabitant of the city of Matanzas, in the Island of Cuba, and a subject and citizen of Cuba.    The demurrer asserts that the court has no jurisdiction of the subject of the action, and that the complaint does not state facts sufficient to constitute a cause of action.    Upon the hearing no argument was made or proposition advanced in support of the second ground of demurrer.    The entire reliance of the demurrant appears to be upon the proposition that there is not the diversity of citizenship which the statute requires, by reason of the fact that the plaintiff is a citizen of Cuba.    Counsel does not maintain that plaintiff was not a foreign citizen before the breaking out of the war with Spain, nor that he ceased to be a foreign citizen when the joint resolution of April 20, 1898, was passed, declaring that the people of the Island of Cuba "are and of right ought to be free and independent," nor that the military occupation of Cuba by the forces of the United States in any way changed his status.    It is contended, however, that in some way or other the treaty with Spain of December 10, 1898, did, from the date of its ratification, remove him from the category of "foreign citizens or subjects."    By the first article of the treaty, Spain relinquishes all claim of sovereignty over and title to Cuba, and as the island is, upon its evacuation by Spain, to be occupied by the United States, the United States will, so long as such occupation shall last, assume and discharge the obligations that may, under international law, result from the fact of its occupation, for the protection of life and property.    The fourteenth article further states that it is understood that any obligations assumed in this treaty

101 F.—20

by the United States with respect to Cuba are limited to the time of its occupancy thereof. The ninth article provides for Spanish subjects, natives of the peninsula, who remain in the territory covered by the treaty. If they make a certain declaration within a limited time, they may preserve their allegiance to the crown of Spain, and in default of such declaration they are to be held to have renounced such allegiance, and to have adopted "the nationality of the territory in which they may reside." There is certainly nothing in all this which lends any color to the proposition that the plaintiff is not a foreign citizen. Even the brief memorandum of opinion in Stuart v. City of Easton, 156 U. S. 46, 15 Sup. Ct. 268, 39 L. Ed. 341, gives no support to demurrant's contention. One may be puzzled to determine upon what theory it was held in that case that a "citizen of London, England," is not a "foreign citizen"; but assuming, as suggested, that it is because London is not a free and independent community, but owes allegiance to the British crown, the decision has no application to the case at bar, since the political branch of this government has found, as a political fact, that the people of the Island of Cuba "are free and independent." The demurrer is therefore overruled, and plaintiff may take judgment, unless defendant file an answer within 10 days after the entry of the order disposing of this motion.