### KLAUSNER v. LEVY.
#### Civ. A. No. 349.

United States District Court
E. D. Virginia, Alexandria Division.
March 10, 1949.

John W. Waller, of Alexandria, Va., for plaintiff.

Irving Diener, of Alexandria, Va., for defendant.

BRYAN, District Judge.

The issue of jurisdiction has been tried separately before the Court, and its decision requires a determination of the question whether the plaintiff, averring and proving himself to be a citizen of Palestine when he instituted this action in March 1948, was a citizen of a "foreign state" within the intent of the diversity-jurisdiction clauses of the Constitution and statutes of the United States. Art. III., sec. 2; old Title 28 U.S.C.A. § 41(1), now 28 U.S.C.A. § 1332(2). These clauses give this Court jurisdiction of the present action only if the plaintiff can prove that he was a citizen or subject of a foreign state, and the defendant a citizen of one of the States

of the United States of America, when the action was begun. Irwin et al. v. Missouri Valley Bridge & Iron Co., 7 Cir., 19 F.2d 300, 303, certiorari denied, Irwin, Sherman & Ellis v. Missouri Valley Bridge & Iron Co., 275 U.S. 540, 48 S.Ct. 36, 72 L.Ed. 415.

Plaintiff has exhibited in evidence a duly authenticated certificate establishing his naturalization as a citizen of Palestine, issued several years before this litigation, and its subsisting validity is not controverted. Then and at the time of the commencement of this action Palestine was a mandate, with Great Britian its mandatory, created by the Treaty of Versailles. Art. 22, Covenant of the League of Nations. Previously it had been a possession of Turkey, from whose rule it was released by the victory of the Allies in World War I.

A mandate is a trusteeship and the mandatory power is the trustee. The mandatory power here was appointed by the Supreme Council of the Allies, and its duty was to administer the mandated territory. The effect of the mandate of Palestine, effective September 29, 1923, was not to annex it as a part of the mandatory, nor to make its inhabitants citizens of Great Britain. The mandate imposed upon the mandatory a guardianship of the territory and its people, subject to the supervision of the League of Nations, to which it must submit annually a report of its administration. The United States, not a member of the League, gave its consent to the mandate as an Associated Power by a treaty signed at London December 3, 1924.

Palestine, as a mandated territory, was without local autonomy. Art. 3 of the Mandate. Its government was set up by Great Britain and administered by the latter's local officials. Art. 1, 9, id. During the mandate Palestine could and did extend citizenship to its inhabitants, grant naturalization to immigrants and issue them passports for travel. Both native and naturalized nationals, at home and abroad, received the protection of the British Government. Art. 2, 12, id. Indeed, Britain was authorized to, and did, enter into treaties to gain for them rights and privileges from other nations, including the United States, but nevertheless they were not British citizens. Art. 12, id. They were citizens of Palestine.

However, as citizens of Palestine under the mandate, they were not citizens or subjects of a state within the meaning of the jurisdictional provisions of our Federal constitution and statutes. A state in their texts means one formally recognized by the executive branch of the government of the United States. Land Oberoesterreich v. Gude, 2 Cir., 109 F.2d 635, 637. The territory of the plaintiff's citizenship was not recognized as a state until May 14, 1948, when it was conceded a de facto status under the name of Israel, the de jure recognition being attained on January 31, 1949. As recognition of a sovereignty is a political and not a judicial matter, the courts are conclusively bound by the status accorded a territory by the executive department of our government. Jones v. United States, 137 U.S. 202, 11 S.Ct. 80, 34 L.Ed. 691; Medvedieff v. Cities Service Oil Co., D.C.N.Y., 35 F.Supp. 999, 1001.

Obviously, then, when this action was filed the plaintiff was not a citizen or subject of a foreign state, and this Court was without jurisdiction, no ground of jurisdiction save diversity of citizenship being urged or shown.

The complaint will be dismissed with costs to the defendant, the Court adopting this memorandum as a statement of its findings of fact and conclusions of law.