## Matter of the Application of Artemio B. REYES.

### No. 16625.

United States District Court
D. Hawaii.
April 12, 1956.

Pratt, Tavares, & Cassidy, Daniel H. Case, Honolulu, Hawaii, for petitioner.

George Z. Reich, Designated Naturalization Examiner for U. S. Immigration & Naturalization Service, Honolulu, Hawaii, for the Government.

WIIG, District Judge.

Petitioner is a native of the Philippines who came to Hawaii in 1946. He filed a petition for naturalization as a citizen of the United States on February 25, 1955. The Designated Examiner of the Immigration and Naturalization Service recommended denial of the petition on the ground that petitioner had been absent from the United States for a continuous period of more than one year, thus breaking the continuity of the residence required for naturalization by 8 U.S.C.A. § 1427.

Petitioner has never abandoned his residence in Hawaii, but has been away on three occasions. The significant trip lasted from May 8, 1952, until July 18, 1953. Petitioner was employed as a civilian worker by a private firm doing construction work for the United States Navy on Kwajalein Island, the principal of numerous low coral islands comprising Kwajalein Atoll. The Atoll is located in the Ralik Chain of the Marshall Islands, and is situate approximately 9° north of the equator and 2100 miles southwest of the Hawaiian Archipelago.

The sole question presented at the hearing of the petition for naturalization was whether petitioner had complied with the requirements of 8 U.S.C.A. § 1427 relating to residence in the United States. Section 1427(a) reads in part as follows:

> "(a) No person, * * * shall be naturalized unless such petitioner, (1) immediately preceding the date of filing his petition for naturalization has resided continuously, after being lawfully admitted for permanent residence, within the United States for at least five years * * *."

This residence requirement is qualified by § 1427(b), which relates to absences from the United States, and reads in part as follows:

"Absence from the United States for a continuous period of one year or more during the period for which continuous residence is required for admission to citizenship * * * shall break the continuity of such residence, * * *."

Petitioner has attempted to establish that Kwajalein should be considered part of the United States for purposes of naturalization, and that he was, therefore, never "absent" from the United States. Kwajalein was formerly part of the Japanese mandated group under the League of Nations. Following World War II, the Marshall, Caroline, and Marianas Islands (excepting Guam, at that time a possession of the United States) passed to the United Nations as successor to the League of Nations. On July 18, 1947, these Islands were placed under the control of the United States by a "Trusteeship Agreement"[1] with the United Nations. The United States was designated as the "administering authority of the trust territory" and was given comprehensive powers over the entire area.[2] As a practical matter, it appears that the United States exercises as much power over these Islands as it does over any of its possessions, and there is merit in petitioner's claim that because of control of Kwajalein by the Navy and the entire appearance of United States domination, it should be held that petitioner was not absent from the United States.

But there are compelling reasons why Kwajalein cannot be considered as part of the United States for purposes of naturalization. Congress has declared, in the Immigration and Nationality Act of 1952, that, "The term 'United States', * * * when used in a geographical sense, means the continental United States, Alaska, Hawaii, Puerto Rico, Guam, and the Virgin Islands of the United States." 8 U.S.C.A. § 1101(a) (38). It has also defined the term "foreign state" as including, " * * * territories under mandate or trusteeship * * *." 8 U.S.C.A. § 1101(a) (14).

Also cogent is the force of the Presidential Proclamation of July 2, 1952,[3] declaring the annual quota for each quota area as authorized by the Immigration and Nationality Act of 1952.[4] The proclamation lists as area No. 58 the "Pacific Islands (trust territory, United States administered)", with a specified quota for immigration purposes, listed in conjunction with other quota areas, such as Finland, India, Korea, Turkey, and others.

In view of the sweeping provisions of the trusteeship agreement, it is possible that Congress had the authority to declare that the trust territory was to be considered as part of the United States for purposes of naturalization. However, it has not done so and it must be concluded that Kwajalein is not a part of the United States and that petitioner's

1. Trusteeship Agreement for the former Japanese Mandated Islands, 61 Stat. 3301. The agreement was approved by the Security Council of the United Nations on April 2, 1947, and by the President of the United States on July 18, 1947, pursuant to authority granted by a joint resolution of Congress July 18, 1947. See also U.S.Code Cong.Service, First Session, 1947, p. 1317.

2. Portions of the agreement are summarized below:

Article 3—The administering authority has full powers of administration, legislation, and jurisdiction over the territory and may apply, "subject to any modifications which the administering authority may consider desirable, such of the laws of the United States as it may

deem appropriate to local conditions and requirements."

Article 4—Entitles administering authority to establish naval, military and air bases in the territory.

Article 9—Entitles administering authority to constitute the territory into a customs, fiscal, or administrative union with other territories under United States jurisdiction and to establish other common services between such territories.

Article 10—"The administering authority shall take the necessary steps to provide the status of citizenship of the trust territory for the inhabitants of the trust territory."

3. Presidential Proclamation No. 2980, July 2, 1952, 17 F.R. 6019, 66 Stat. c36.

4. 8 U.S.C.A. § 1151(a) and 1151(b).

absence operated to break the continuity of his residence.

Nor may petitioner offer evidence to show that he did not in fact abandon his residence during the fourteen months he spent on Kwajalein. A separate paragraph of § 1427(b) contains a provision that in case of an absence of more than six months but less than one year, a petitioner may offer such evidence. No such provision is contained in the portion dealing with absences exceeding one year and this silence precludes consideration of whether petitioner did not in fact abandon his Hawaii residence.

The one year or longer section does list certain exceptions to the presumption of the break in continuity of residence, but petitioner failed to follow the prescribed procedure and cannot now claim these benefits, even had they been applicable.

Petitioner has failed to meet the residence requirements set out in 8 U.S.C.A. § 1427, and his petition must be denied, without prejudice.