**WORLD COMMUNICATIONS CORP., and Gregg C. Barnes, Plaintiffs,**

v.

**MICRONESIAN TELECOMMUNICATIONS CORPORATION, Defendant.**

**Civ. No. 76–0274.**

United States District Court, D. Hawaii.

Sept. 20, 1978.

Edward C. Kemper, Kemper & Watts, Honolulu, Hawaii, Harvey E. Henderson, Jr., Rice, Lee & Wong, Honolulu, Hawaii, for plaintiffs.

Harold M. Fong, Fong, Miho & Robinson, Alan Van Etten, Honolulu, Hawaii, for defendant.

SAMUEL P. KING, Chief Judge.

## ORDER GRANTING MOTION TO DISMISS

█ In 1976, plaintiffs World Communications Corporation, a Hawaii corporation, and Gregg C. Barnes, a citizen of Hawaii, brought this suit against defendant Micronesian Telecommunications Corporation, a corporation organized under the laws of the Trust Territory of the Pacific Islands with its principal place of business in Saipan, for allegedly violating a written contract of exclusive dealing. Federal jurisdiction was predicated upon the diversity of citizenship of the parties.[1] Defendant has moved to dismiss the complaint on the ground that this court lacks jurisdiction because the diversity statute, 28 U.S.C. § 1332, is inapplicable in this instance. After considering the relevant authorities, it is my conclusion that this court is without jurisdiction and the motion to dismiss is granted.

In order for an action to come within the diversity jurisdiction of the federal district courts, the requirements of 28 U.S.C. § 1332 must be met. This statute provides in pertinent part:

> (a) The district courts shall have original jurisdiction of all civil actions . . . between—
>> (1) citizens of different States;
>>
>> (2) citizens of a State, and foreign states or citizens or subjects thereof;
>
> . . . °.

. . . . .

> (c) For the purposes of this section . . ., a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . . .
>
> (d) The word "States", as used in this section, includes the Territories, the District of Columbia, and the Commonwealth of Puerto Rico . . . .

For purposes of this provision, both plaintiffs are citizens of Hawaii and the defendant is a citizen of the Trust Territory of the Pacific Islands. 28 U.S.C. § 1332(c). Nevertheless, despite the diverse nature of the citizenship of the parties, there is no diversity jurisdiction in this instance.

The Trust Territory of the Pacific Islands occupies a unique position under international law. Article 3 of the Trusteeship Agreement provides that the United States has "full powers of administration, legislation, and jurisdiction" over the Trust Territory; thus, although sovereignty technically resides elsewhere, as a practical matter the United States can exercise full sovereign power. Furthermore, because this is the only area designated as a "strategic" trust, the United States is responsible to the Security Council rather than the General Assembly for administration of the Trust Ter-

---

1. In oral argument, counsel for the plaintiffs asserted that federal question jurisdiction might also exist pursuant to 28 U.S.C. § 1331 due to the possibility of federal claims being raised by the defendant. This argument, however, is without merit because "a suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution." *Louisville & N. R. Co. v. Mottley,* 211 U.S. 149, 152, 29 S.Ct. 42, 43, 53 L.Ed. 126 (1908).

ritory, the United States gets preferential treatment in economic and commercial matters, and the United States can unilaterally declare all or any part of the islands a closed area within which the United States may bar anyone (including the United Nations) and determine the extent to which trustee functions will be exercised. *People of Saipan v. United States Department of the Interior,* 356 F.Supp. 645, 653–54 (D.Hawaii 1973), *aff'd.,* 502 F.2d 90 (9th Cir. 1974).

■ Plaintiffs contended that the Trust Territory was a "foreign state" within the meaning of 28 U.S.C. § 1332(a)(2). This Court has previously rejected the characterization of the Trust Territory as a foreign country in *People of Saipan, supra.* "[W]ithout determining exactly what status the Trust Territory occupies, I hold that it is not a foreign country entitled to immunity from suits in the United States courts." *Id.* at 656. In light of similar considerations, I now hold that the Trust Territory is not a "foreign state" within the meaning of 28 U.S.C. § 1332.

An analogous situation arose in *Klausner v. Levy,* 83 F.Supp. 599 (E.D.Va.1949). In *Klausner,* the court was confronted with a claim that a citizen of Palestine was a citizen of a "foreign state" within the meaning of the diversity jurisdiction statute. Palestine had been an area controlled by Great Britain under a mandate from the League of Nations. Citizens of Palestine were not citizens of Great Britain. The court held that these people were not citizens of a "foreign state" as that term is used in the diversity jurisdiction statute because Palestine was not recognized by the Executive Branch of the United States Government as an independent sovereign while it was under the League of Nations mandate. *Id.* at 600.

The authorities cited by plaintiffs are inapposite here. *Murarka v. Bachrack Brothers,* 215 F.2d 547 (2d Cir. 1954) involved a suit between a New York corporation and a citizen of India. At the time that the suit was commenced, there was no government of India; rather, there was an "interim government" between British control and independence. *Id.* at 552. The court rejected the New York corporation's contention that the plaintiff was not a citizen of a foreign state within the meaning of 28 U.S.C. § 1332, stating that: "Unless form rather than substance is to govern, we think that in every substantial sense by the time this complaint was filed India had become an independent international entity and was so recognized by the United States." *Id.* Unlike the status of India in *Murarka,* however, it is clear that the Trust Territory was not "in every substantial sense . . . an independent international entity" at the time this complaint was filed.

Plaintiffs also relied on *Betancourt v. Mutual Preserve Fund Life Association,* 101 F. 305 (C.C.S.D.N.Y.1900) which found diversity of citizenship jurisdiction in a suit between a New York corporation and a Cuban citizen even though Cuba was no longer governed by Spain but was occupied by the United States in the aftermath of the Spanish American War when the suit was filed. Although the court only discussed the legal status of the Cuban citizens briefly, it did note that the United States had officially declared that the people of Cuba were "free and independent." *Id.* at 306. Conversely, in the case at bar, there has been no such recognition of independence for the people of the Trust Territory; furthermore, such a declaration by the United States would be of dubious validity in light of the United Nations mandate.

Plaintiffs also relied on cases interpreting other statutes, such as *Callas v. United States,* 253 F.2d 838 (2d Cir.), *cert. denied,* 357 U.S. 936, 78 S.Ct. 1384, 2 L.Ed.2d 1550 (1958), and *Brunell v. United States,* 77 F.Supp. 68 (S.D.N.Y.1948) (interpreting the "foreign country" exemption to the Federal Tort Claims Act, 28 U.S.C. § 2680(k)) and *Aradanas v. Hogan,* 155 F.Supp. 546 (D.Hawaii 1957) and *Application of Reyes,* 140 F.Supp. 130 (D.Hawaii 1956) (interpreting the "foreign state" definition in the Immigration and Nationality Act of 1952, 8 U.S.C. § 1101(a)(14). This Court has al-

ready noted, however, that "none of these cases go outside the scope of the particular act under consideration" therein. *People of Saipan v. United States Department of the Interior,* 356 F.Supp. 645, 656 (D.Hawaii 1973), aff'd., 502 F.2d 90 (9th Cir. 1974).

Another argument for diversity jurisdiction is that the Trust Territory is a "territory" within the meaning of 28 U.S.C. § 1332(d). This argument, however, has been previously rejected by this Court in *People of Saipan, supra.* "[T]he Trust Territory is technically not a territory or possession because the United States does not have sovereignty." *Id.* at 656.

 Plaintiffs' final argument is that the change in status of the Northern Mariana Islands (including Saipan) from a part of the Trust Territory to a "commonwealth" as of January 9, 1978, brings it within the purview of the diversity jurisdiction statute. *See* 48 U.S.C. § 1681 (Supp. VI 1976). Plaintiffs contend that, in light of the increased autonomy of these islands, the Northern Marianas should be characterized as a "territory" for diversity jurisdiction purposes. Nevertheless, although plaintiffs make some interesting arguments in this context, they need not be reached herein. Diversity of citizenship is determined as of the commencement of an action. *Louisville, N.A. & C. Ry. Co. v. Louisville Trust Co.,* 174 U.S. 552, 566, 19 S.Ct. 817, 43 L.Ed. 1081 (1899); *C. Wright, Federal Courts* § 28 at 107 (3d ed. 1976). Because this suit was filed in 1976, the subsequent change in status of the Northern Mariana Islands is irrelevant to the disposition of the instant motion to dismiss.

Although some of the considerations that underly the existence of diversity jurisdiction may be present in this case, *see C. Wright, Federal Courts* § 23 at 89–92 (3d ed. 1976), this does not justify an expansive judicial interpretation of the Congressional language in order to bring the Trust Territory of the Pacific Islands within the language of 28 U.S.C. § 1332. *See, e. g., Van Der Schelling v. United States News & World Report,* 213 F.Supp. 756 (E.D.Pa.), aff'd, 324 F.2d 956 (3d Cir. 1963), *cert. de-nied,* 377 U.S. 906, 84 S.Ct. 1166, 12 L.Ed.2d 177 (1964). (A United States citizen domiciled abroad is not a citizen of any state and thus cannot rely upon diversity jurisdiction to sue in a federal court.) Any change in this area must come from Congress and not the courts. Based upon my conclusions that the Trust Territory is not a "foreign state" or a "territory" for diversity jurisdiction purposes, the motion to dismiss for lack of jurisdiction is granted.

It is so ordered.