**STY–LITE COMPANY and Eurotex (Saipan), Inc. Plaintiffs,**

v.

**EMINENT SPORTSWEAR INC., Christina Sportswear Ltd., Hongkong and Shanghai Banking Corporation Limited and Bank of China, New York Branch Defendants.**

**No. 97 CIV. 3901(RLC).**

United States District Court, S.D. New York.

Sept. 20, 2000.

---

Soller, Shayne & Horn, New York City
(Carl R. Soller, of Counsel), for Plaintiffs

Sty–Lite Company and Eurotex (Saipan), Inc.

Silverberg Stonehill & Goldsmith, P.C., New York City (Kenneth R. Schachter, Walter M. Jeram, Jr., of Counsel), for Defendants Eminent Sportswear Inc. and Christina Sportswear Ltd.

Phillips, Lytle, Hitchcock, Blaine & Huber LLP, New York City (Robert J. Chanis, Michael J. Dileo, of Counsel), for Defendant Hongkong and Shanghai Banking Corporation Limited.

Hollyer Brady Smith Troxell Barrett Rockett Hines & Mone LLP, New York City (Christopher Brady, Mary C. Mone, of Counsel), for Defendant Bank of China.

## *OPINION*

ROBERT L. CARTER, District Judge.

Plaintiffs Sty–Lite Company ("Sty–Lite") and Eurotex (Saipan), Inc. ("Eurotex") have instituted this action against defendants Eminent Sportswear Inc. ("Eminent") and Christina Sportswear Ltd. ("Christina") to recover payment for goods delivered. Plaintiffs have instituted this action against defendants Hongkong and Shanghai Banking Corporation Limited ("HSBC") and Bank of China, New York Branch ("Bank of China") for wrongful authorization of delivery of merchandise and for fraudulent misrepresentation. All defendants have moved pursuant to Rule 56, F.R. Civ. P., for summary judgment on the grounds that there are no genuine issues of material fact and that the respective defendants are entitled to judgment as a matter of law.

## BACKGROUND

Plaintiff Sty–Lite is a Hong Kong company having its principal place of business in Hong Kong. (Second Amended Compl. ¶ 2). Plaintiff Eurotex is a Saipan corporation with its principal place of business in Saipan.[1] (*Id.* at ¶ 3). Defendants Eminent and Christina are both incorporated under the laws of New York and have places of business in New York. (Pls.' Local Rule 56.1 Stmt. In Resp. To Def. Eminent's & Christina's Stmts., ¶¶ 1–2). Defendant HSBC is a bank licensed under the laws of Hong Kong with its principal place of business in Hong Kong. (Pls.' Local Rule 56.1 Stmt. In Resp. To Def. Banks' Stmts., ¶ 1). HSBC has a branch office in New York, New York. (*Id.*). The Bank of China is a banking corporation owned by the government of the People's Republic of China and has a branch office located in New York, New York. (Pls.' Local Rule 56.1 Stmt. In Resp. To Addtl. Stmt. By Bank of China, ¶ 1).

The court finds that a detailed exploration into the facts of this matter is unnecessary for the resolution of this motion. A review of certain undisputed facts, however, is required. Plaintiffs manufactured and shipped various articles of women's clothing to Eminent and Christina in New York. (Pls.' Local Rule 56.1 Stmt. In Resp. To Def. Eminent's & Christina's Stmts., ¶ 22). These items were all shipped by Sea–Land Service Inc. ("Sea–Land"). (Pls.' Local Rule 56.1 Stmt. In Resp. To Def. Banks' Stmts., ¶ 13). The clothing arrived in New York without the original bill of lading. Plaintiffs appear to have retained the original bill of lading. (Pls.' Local Rule 56.1 Stmt. In Resp. To Def. Eminent's & Christina's Stmts., ¶ 23). Eminent then contacted HSBC and asked that it issue a letter of indemnity to Sea–Land, requesting that Sea–Land release Eminent's clothing without the bill of lading and indemnifying Sea–Land for any loss it sustained from complying with that request. (Pls.' Local Rule 56.1 Stmt. In

---

1. Saipan is part of the Commonwealth of the Northern Mariana Islands ("CNMI"). In 1978, CNMI entered a covenant with the United States whereby it ceased being a United States territory and became a commonwealth. *See World Communications Corp. v. Micronesian Telecommunications Corp.*, 456 F.Supp. 1122, 1125 (D.Haw.1978). Determining the status of a citizen of CNMI, such as Eurotex, for diversity purposes is therefore a somewhat complicated proposition. For the resolution of this motion, however, it is not necessary for the court to examine this issue.

Resp. To Def. Banks' Stmts., ¶¶ 6–8). Christina contacted the Bank of China requesting a letter of indemnity asking Sealand to release Christina's merchandise under similar conditions. (Pls.' Local Rule 56.1 Stmt. In Resp. To Addtl. Stmt. By Bank of China, ¶¶ 4–5). HSBC and the Bank of China did issue these letters of indemnity and Sea–Land did release the goods. (*Id.* at ¶¶ 5–6; Pls.' Local Rule 56.1 Stmt. In Resp. To Def. Banks' Stmts., ¶¶ 7,13). Plaintiffs allege that they never received payment for the clothing.

## DISCUSSION

### Subject Matter Jurisdiction

The Amended Complaint states that the court has jurisdiction pursuant to 28 U.S.C. § 1332(a). It contains no additional information regarding jurisdiction besides alleging that the matter satisfies the amount in controversy requirement and providing the information outlined above relevant to the citizenship of the parties. None of the parties have addressed the issue of subject matter jurisdiction in greater detail in any of their papers. The court is required to consider jurisdiction and is therefore obligated to raise the issue sua sponte. *See Franceskin v. Credit Suisse*, 214 F.3d 253, 257 (2d Cir.2000).

"[T]he courts have regularly found that there is no subject matter jurisdiction over actions brought by an alien against another alien *and* a citizen of a state." *Lloyds Bank PLC v. Norkin*, 817 F.Supp. 414, 417 (S.D.N.Y.1993) (McKenna, J.) (citations omitted) (emphasis in original). Complete diversity is required before federal courts may have subject matter jurisdiction over a case that does not involve a federal question. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806), *overruled on other grounds, Louisville, Cincinnati & Charleston R.R. Co. v. Letson*, 43 U.S. (2 How.) 497, 555, 11 L.Ed. 353 (1844). Having alien parties on both sides of the litigation destroys complete diversity. *See Corporacion Venezolana de Fomento v.* *Vintero Sales Corp.*, 629 F.2d 786, 790 (2d Cir.1980).

For purposes of determining diversity, 28 U.S.C. § 1332(c) provides that "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." It establishes a theory of dual citizenship for corporations and if either the corporation's place of incorporation or principal place of business destroys diversity, then the courts will not have diversity jurisdiction.

There has been debate in the Second Circuit as to whether § 1332(c) applies to foreign corporations. Recently, the Court of Appeals had occasion to address this question squarely and answered it in the affirmative. In *Franceskin v. Credit Suisse*, 214 F.3d 253, the court found that it lacked diversity jurisdiction over a lawsuit brought by a citizen of Venezuela against a bank incorporated in Switzerland. In determining the foreign bank's citizenship, the *Franceskin* court, 214 F.3d 253, 258, explicitly applied § 1332(c). Since it was undisputed that the bank was incorporated in Switzerland, the court found that it need not decide whether the bank's principal place of business was in New York because under the dual citizenship theory, diversity would be destroyed regardless. *See id.* It is therefore clear that an alien plaintiff may not obtain diversity jurisdiction in a federal court while suing a company which is either incorporated in a foreign country or has its principal place of business in a foreign country.

Plaintiff Sty–Lite is clearly an alien. The Amended Complaint alleges that Sty–Lite is a citizen of Hong Kong. The status of Eurotex as a citizen of Saipan is less clear. Saipan is a commonwealth "in Political Union with the United States of America." 48 U.S.C. § 1801. The court finds that it is unnecessary, however, to determine whether Eurotex is a foreign plaintiff or a citizen of one of the "States" as defined by 28 U.S.C. § 1332(d). Defendants Eminent and Christina appear to be New York citizens. Regardless of

whether Eurotex is an alien or a citizen of a "State" for § 1332 purposes, neither Eurotex nor Sty–Lite are New York citizens. Therefore, diversity would exist if these were the only parties to this action.

■ The defendant banks' citizenship complicates matters. HSBC is apparently incorporated under the laws of Hong Kong. In addition, it is undisputed that HSBC has its principal place of business in Hong Kong. The fact that it has a branch office in New York and is licensed in New York does not alter this analysis. *See Lloyds*, 817 F.Supp. 414, 415. For purposes of determining whether diversity exists in this matter, HSBC must be considered an alien.

■ Furthermore, it is the plaintiff's burden to demonstrate that jurisdiction exists. *See Universal Reinsurance Co., Ltd. v. St. Paul Fire and Marine Ins. Co.*, 224 F.3d 139, 140 (2d Cir.2000) (remanding the case to the district court to address the question of whether there was diversity jurisdiction where plaintiff failed to properly identify the citizenship of two parties). Part of this burden in a diversity case is alleging the citizenship of all parties. Plaintiffs do not elaborate on the citizenship of the Bank of China. All logical inferences to be drawn from the papers submitted in connection with this motion, however, suggest that the Bank of China is organized under the laws of China and maintains its principal place of business in that country.[2] The court therefore as-

sumes that the Bank of China is also an alien for jurisdictional purposes. Since at least one plaintiff and at least one defendant are aliens, the court lacks subject matter jurisdiction because there is not complete diversity.

■ Before determining whether the entire case should be dismissed, or simply the claims against the foreign banks, the court must determine whether the banks are indispensable parties under Rule 19(b), F.R. Civ. P. Rule 19(b) lists four factors which the court should consider in determining whether a party is indispensable.[3] Courts should be flexible when applying these criteria, however, and should avoid a mechanical approach to the analysis. *See Prescription Plan Serv. Corp. v. Franco*, 552 F.2d 493, 496 (2d Cir.1977).

■ The first Rule 19(b) factor is whether any of the parties would be prejudiced by having the party in question excluded from the litigation. If the court were to allow the case against Christina and Eminent to continue, it is entirely possible that plaintiffs would bring a separate cause of action against the defendant banks in state court. In such an action, HSBC and the Bank of China may argue that they were indemnified by Eminent and Christina, respectively, for the guarantees they allegedly issued. They may also assert that plaintiffs' injuries were caused not by any fault on the part of the banks, but rather by Eminent's and Christina's negligence.[4] It is therefore quite likely

2. The Bank of China claims on page two of its Local Rule 56.1 Statement that it is "a banking corporation owned by the government of the People's Republic of China." This is not disputed by the plaintiffs and in fact is the only information provided regarding the Bank of China's principal place of business or its place of incorporation.

3. The four factors to be considered in determining whether a party is indispensable under Rule 19(b) are:

first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of

relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.
Rule.19(b), F.R. Civ. P.

4. Indeed, the defendant banks have already made these claims in the current litigation. In its amended answer, the Bank of China has argued that Christina's negligence caused plaintiffs' injuries (Eighth Aff. Def., ¶ 53) and that Christina should indemnify the Bank of China (Cross–Claim, ¶ 57). In its amended answer, HSBC has argued that Eminent's negligence caused plaintiffs' injuries (Second Cross–Claim, ¶¶ 37–39) and that Eminent

that HSBC and the Bank of China would implead Eminent and Christina as third party defendants. If this case is not dismissed, Christina and Eminent might be forced to defend their actions in this matter in two separate proceedings. A defendant's interest in avoiding multiple litigation is a specific concern identified by the United States Supreme Court as justifying the classification of a party as indispensable. *See Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 110, 88 S.Ct. 733, 738, 19 L.Ed.2d 936 (1968).

■ Additionally, considering another of the Rule 19(b) factors, it would be impossible for the court to fashion a remedy which would mitigate the harm caused to Eminent and Christina of being required to relitigate these issues. It is true that plaintiffs would be collaterally estopped from rearguing any rulings made by this court as to the liability of Eminent and Christina in a subsequent state court proceeding. The banks, however, would not be barred from litigating these issues as they would not have been a party to the federal lawsuit. It is settled law that the doctrine of collateral estoppel may not be used to prevent a party from arguing an issue which has been resolved in a prior proceeding when that party has not been given a full opportunity to contest the issue. *See Schwartz v. Public Adm'r of the County of Bronx*, 24 N.Y.2d 65, 70, 298 N.Y.S.2d 955, 246 N.E.2d 725 (N.Y.1969).

■ The next Rule 19(b) factor to be considered, is whether a judgment rendered in the banks' absence would be adequate. The United States Supreme Court has explained that this factor refers to "the interest of the courts and the public in complete, consistent, and efficient settlement of controversies." *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 111, 88 S.Ct. 733, 739, 19 L.Ed.2d 936. The court feels confident, that should plaintiffs not secure a judgment against Eminent and Christina in a proceeding in federal court, plaintiffs would find that result to be "inadequate" should indemnify HSBC (Third Cross–Claim,

and would then file suit against the defendant banks in state court. It is therefore doubtful that the court can render an efficient and complete resolution to this matter.

■ The final factor to consider is whether the plaintiffs will have an adequate remedy if the action is dismissed. Clearly, plaintiffs may still bring an identical action against all defendants in New York state court. New York courts would have both subject matter and personal jurisdiction.

As New York corporations, Eminent and Christina are capable of being sued in New York courts. *See* N.Y. Bus. Corp. Law § 304(a). Furthermore, the significant corporate presence of HSBC and the Bank of China here make them both amenable to suit in New York. See N.Y. CPLR § 302(a)(1); N.Y. Bus. Corp. Law § 304(a); *Tauza v. Susquehanna Coal Co.*, 220 N.Y. 259, 265, 115 N.E. 915 (N.Y.1917) (holding that New York state courts had jurisdiction over a Pennsylvania corporation which had an office in New York and solicited business from New York). Finally, many of the alleged tortious acts occurred within New York providing an additional basis of personal jurisdiction over the parties. *See* N.Y. CPLR § 302(a)(2). Since all parties may be included in a state court proceeding, the court is loath to squander judicial resources on an action involving half of the defendants, only to have the entire matter relitigated in state court against the remaining defendants.

## CONCLUSION

As plaintiffs have failed to demonstrate that the Bank of China is not an alien party, and as they have admitted that HSBC is in fact an alien party, the court finds that it lacks subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a). Furthermore, since the banks are indispensable parties to this litigation, the court ¶¶ 40–41).

dismisses the entire action without prejudice.

**IT IS SO ORDERED.**