### ISLAND GLOBAL YACHTING, LTD., Plaintiff,

v.

### POOLE CAPITAL, S.A., Andrew J. Baker, Peter Doran, and Brian R.M. Pearce, Defendants.

No. 06 Civ. 4244(VM).

United States District Court, S.D. New York.

June 23, 2006.

Adam Brenner Gilbert, Nixon Peabody LLP, New York, NY, for plaintiff.

Edward J. Boyle, Andrew J. Baker, Peter Doran, Brian Pearce, Wilson, Elser, Moskowitz, Edelman, & Dicker, L.L.P., New York, NY, for defendant.

### DECISION AND ORDER

MARRERO, District Judge.

■ Defendant Poole Capital, S.A. ("Poole") removed the above-captioned action to this Court from the Supreme Court of the State of New York, County of New York. Poole asserts that this Court has jurisdiction by reason of the diversity of citizenship of the parties. However, both Poole and the plaintiff, Island Global Yachting, Ltd. ("Island"), are alien corporations. The presence of aliens on two sides of a case destroys diversity jurisdiction. *See Corporacion Venezolana de Fomento v. Vintero Sales Corp.*, 629 F.2d 786, 790 (2d Cir.1980). Accordingly, the action is remanded pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.

■ The Complaint identifies Island as a company organized under the laws of the

---

Cayman Islands and alleges that Island has an office in New York City. The Complaint identifies Poole as an entity organized under the laws of the British Virgin Islands. A corporation that is incorporated in a foreign state is an alien for purposes of diversity jurisdiction. *See Sty–Lite Co. v. Eminent Sportswear Inc.*, 115 F.Supp.2d 394, 398 (S.D.N.Y.2000). The allegation that such a corporation does business in New York does not alter the corporation's status as an alien for diversity purposes. *See id.* The law in this Circuit is clear that the presence of aliens on two sides of a case destroys diversity jurisdiction. *See Corporacion Venezolana*, 629 F.2d at 790; *Int'l Shipping Co., S.A. v. Hydra Offshore, Inc.*, 675 F.Supp. 146, 152 (S.D.N.Y.1987).

A federal court must remand a case if "at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). Accordingly, the proceeding is remanded to the Supreme Court of the State of New York, New York County.

The Clerk of the Court is directed to close this case.

**SO ORDERED.**