Simon **THEOBALD**, Plaintiff,

v.

**IFS INTERNATIONAL HOLDINGS, INC., IFS International, Inc., Sonic USA, Inc. and Sonic Global Solutions PTY Limited, Defendants.**

No. 06 CIV. 5650.

United States District Court,
S.D. New York.

Aug. 3, 2006.

Joseph Michael Heppt, The Law Offices of Joseph M. Heppt, New York, NY, for Plaintiff.

## DECISION AND ORDER

MARRERO, District Judge.

 Plaintiff Simon Theobald ("Theobald") filed this action in this Court asserting that the Court has jurisdiction by reason of the diversity of citizenship of the parties. However, both Theobald and defendant Sonic Global Solutions Pty Limited ("Sonic Global") are aliens. The presence of aliens on two sides of a case destroys federal diversity jurisdiction. *See Corporacion Venezolana de Fomento v. Vintero Sales Corp.*, 629 F.2d 786, 790 (2d Cir.1980).

 The complaint identifies Theobald as an individual residing in England, and Sonic Global as a corporation organized and existing pursuant to the laws of New South Wales, Australia, with its principal office located in New South Wales. A corporation that is incorporated in a foreign state is an alien for purposes of diversity jurisdiction. *See Sty–Lite Co. v. Eminent Sportswear Inc.*, 115 F.Supp.2d 394, 398 (S.D.N.Y.2000). Even if there were an allegation that such a corporation does business in New York that circumstance would not alter the corporation's status as an alien for diversity purposes. *See id.* The law in this Circuit is clear that the presence of aliens on two sides of a case destroys diversity jurisdiction. *See Corporacion Venezolana*, 629 F.2d at 790; *International Shipping Co., S.A. v. Hydra Offshore, Inc.*, 675 F.Supp. 146, 152 (S.D.N.Y.1987).

 A federal court must dismiss a case if at any time before final judgment it appears that the court lacks subject matter jurisdiction. "[F]ailure of subject matter jurisdiction is not waivable, and may be raised at any time by any party or by the court *sua sponte.* If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Trust*

*Co. v. Lussier,* 211 F.3d 697, 700–01 (2d Cir.2000) (*citing Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541, 106 S.Ct. 1326, 89 L.Ed.2d 501 (1986)).

Accordingly, the Clerk of Court is directed to enter judgment dismissing this action and to close this case.

**SO ORDERED.**