104 F.3d 350
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
SIGNAL HILL, N.V.; Momiller Investments, N.V., Plaintiffs-Appellees.
v.
Cecil ALTMANN, Defendant-Appellant,
Stephen SCHECHTER, Defendant.
 No. 96-7200.
 United States Court of Appeals, Second Circuit.
 Sept. 20, 1996.
 
 1
 APPEARING FOR APPELLANT: David I. Faust, Faust, Rabbach, Stanger & Oppenheim, New York, New York.
 
 
 2
 APPEARING FOR APPELLEES: Kevin J. Walsh, Kelley Drye & Warren, LLP, New York, New York.
 
 
 3
 Before WINTER, LEVAL and CABRANES, Circuit Judges,
 
 
 4
 Appeal from the United States District Court for the Southern District of New York (Griesa, Chief Judge ).
 
 
 5
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was argued.
 
 
 6
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the matter is REMANDED for further proceedings.
 
 
 7
 Defendant Cecil Altmann appeals from a default judgment against him awarding $943,770 in compensatory damages and $500,000 punitive damages, plus prejudgment interest.
 
 
 8
 Signal Hill, N.V. and Momiller Investments, N.V. began this action in June 1991, alleging that Altmann fraudulently induced plaintiffs to buy worthless stock options. In December 1993, Chief Judge Griesa entered a default against Altmann, who had never answered the complaint or appeared. In July 1994, plaintiffs moved for an award of specific money damages. A month later, Altmann moved to dismiss the complaint for lack of personal jurisdiction or to vacate the default. In September 1994, Chief Judge Griesa denied Altmann's motions and awarded compensatory damages to plaintiffs. In January 1996, after an inquest, punitive damages were awarded. The district court then entered judgments for the compensatory and the punitive damages.
 
 
 9
 On appeal Altmann challenges the district court's personal jurisdiction and raises various arguments that the default should have been vacated and that damages were improper. A central dispute underlying both the question of personal jurisdiction and the propriety of the default was whether Altmann had been effectively served in August 1991 in Geneva, Switzerland, where both parties averred that he resided. We do not reach these arguments, however, because it emerged at oral argument that federal subject matter jurisdiction is in question.
 
 
 10
 The suit was brought under 28 U.S.C. § 1332, which confers jurisdiction over civil actions between "citizens of a State and citizens or subjects of a foreign state," 28 U.S.C. § 1332(a)(2). Under this statute a suit brought by foreign citizens against a U.S. citizen qualifies for federal jurisdiction only if the U.S. citizen is a "citizen of a State." Federal diversity jurisdiction would not apply if the suit were brought against a U.S. citizen who, by reason of domicile abroad, is not a citizen of any state of the United States. See Newman-Green v. Alfonzo Larrain, 490 U.S. 826, 828 (1989), 109 S.Ct 2218, 2221; Cresswell v. Sullivan & Cromwell, 922 F.2d 60 (2d Cir.1990), cert. denied, 505 U.S. 1222, 112 S.Ct 3036 (1992).
 
 
 11
 The plaintiffs are foreign corporations organized under the laws of the Netherlands Antilles. The complaint alleged that the defendant Altmann "is a citizen of the United States and maintains a residence in Manhattan, New York." It did not allege that Altmann was a citizen of New York. Furthermore, as noted, both sides seemed to assume in the dispute over service of process that he resided in Switzerland.
 
 
 12
 It appears that, unless Altmann was a citizen of New York, the action was not within the jurisdiction of the United States courts. As the issue was never raised or resolved in the district court, we remand. The district court shall consider whether plaintiffs should be permitted to amend the complaint with respect to allegations of subject matter jurisdiction and shall conduct such further proceedings as it deems appropriate.
 
 
 13
 Any further appeal in this matter will be referred to this panel for disposition. The party filing the notice of appeal shall inform the clerk of this instruction.