315 F.3d 168
 UNITED REPUBLIC INSURANCE COMPANY, IN RECEIVERSHIP, Plaintiff-Appellant,
v.
CHASE MANHATTAN BANK, Fleet Bank, Fleet National Bank, Shawmut Bank Connecticut, c/k/a Fleet National Bank, as Indentured Trustee of the Trust Indenture and Security Agreement, Lincoln Bank, Chase Lincoln Bank, Shawmut Bank Connecticut, National Association, as Trustee of the Trust Indenture and Security Agreement, Bank of New York, as Trustee of Alpha Trust, Alpha Trust, Bank of New York, Defendants-Appellees.
 Docket No. 01-9107.
 United States Court of Appeals, Second Circuit.
 Argued: June 17, 2002.
 Decided: January 07, 2003.
 
 Rebecca A. Slezak, Ainsworth, Sullivan, Tracy, Knauf, Warner & Ruslander, P.C., Albany, NY, for Plaintiff-Appellant.
 Carolyn G. Nussbaum, Nixon & Peabody, Rochester, NY, for Defendants-Appellees Chase Manhattan Bank, Fleet Bank, Fleet National Bank, Lincoln Bank, and Chase Lincoln Bank.
 William M. O'Connor, Buchanan Ingersoll, New York, NY, for Defendants-Appellees Alpha Trust, Shawmut Bank Connecticut, c/k/a Fleet National Bank, as Indentured Trustee of the Trust Indenture and Security Agreement, and Shawmut Bank Connecticut, c/k/a Fleet National Bank, as Trustee of the Trust Indenture and Security Agreement.
 Jeffrey Q. Smith, King & Spalding, New York, NY, for Defendants-Appellees Bank of New York, and Bank of New York, as Trustee of Alpha Trust.
 Before WINTER, F.I. PARKER, and POOLER, Circuit Judges.
 PER CURIAM.
 
 
 1
 United Republic Insurance Company, a Texas corporation, brought the present action asserting state law claims for breach of fiduciary duty, fraud, constructive fraud, negligence, fraudulent conveyance, and conversion against various banks that had been involved in a loan of funds from appellant to a trust and then to appellant's parent company. The complaint alleged diversity of citizenship between plaintiff and each defendant. The district court dismissed the complaint for failure to state a claim, and appellant appealed to this court. After argument, we affirmed the dismissal on the merits by summary order. See United Republic Ins. Co. v. Chase Manhattan Bank, 40 Fed.Appx. 630, 630 (2d Cir.2002).
 
 
 2
 Shortly prior to the affirmance, on July 8, 2002, appellant filed with the Clerk a motion for Clarification of Subject Matter Jurisdiction and asserted that there was likely a lack of diversity of citizenship among the parties. At the time of issuance of the summary order on July 17, 2002, the panel members were unaware of appellant's pending motion. The mandate subsequently issued on October 16, 2002. We now recall the mandate, vacate our prior summary order, and remand to the district court to determine whether diversity jurisdiction exists. In that regard, we instruct the district court to salvage jurisdiction where possible over the previously litigated claims and judgments. See Universal Reinsurance Co. v. St. Paul Fire & Marine Ins. Co., Nos. 99-9191 & 01-7759, 312 F.3d 82, 2002 WL 31664744, at *5 (2d Cir. Nov.15, 2002) (Universal IV). We also invite the district court to consider sanctioning appellant's counsel pursuant to Fed.R.Civ.P. 11.
 
 DISCUSSION
 
 3
 This panel heard oral argument in this appeal on June 17, 2002. On July 8, 2002, appellant filed a motion for Clarification of Subject Matter Jurisdiction, noting that both Chase Manhattan and Bank of New York have offices, affiliates, and subsidiaries present in Texas and that 28 U.S.C. § 1348 provides that a national banking association is deemed a citizen of every state in which it is located.[1] Although we do not opine on the presence or absence of diversity jurisdiction, we conclude that appellant's arguments are sufficient to trigger a jurisdictional inquiry regarding whether the requisite diversity among the parties exists, and if not, whether the nondiverse parties are dispensable. See Universal Reinsurance Co. v. St. Paul Fire & Marine Ins. Co., 224 F.3d 139, 141 (2d Cir.2000) (Universal II); see also Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 832, 109 S.Ct. 2218, 104 L.Ed.2d 893 (1989) ("[Fed.R.Civ.P. 21] invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time, even after judgment has been rendered."); Universal IV, 312 F.3d 82, 86-88 (analyzing dismissal of dispensable nondiverse parties under analogous circumstances).
 
 
 4
 We note that the nature of the jurisdictional inquiry is affected by the fact that a final judgment issued in the district court. Once a district court has proceeded to final judgment, "considerations of finality, efficiency, and economy become overwhelming," Universal IV, 312 F.3d 82, 88 (quoting Caterpillar Inc. v. Lewis, 519 U.S. 61, 75, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996)), and federal courts must salvage jurisdiction where possible. See Newman-Green, 490 U.S. at 836, 109 S.Ct. 2218 ("[R]equiring dismissal after years of litigation would impose unnecessary and wasteful burdens on the parties, judges, and other litigants waiting for judicial attention."); see also Penteco Corp. Ltd. P'ship — 1985A v. Union Gas Sys., Inc., 929 F.2d 1519, 1523 (10th Cir.1991) ("[W]here ... the action has resulted in a final judgment in the district court, despite an unnoticed potential jurisdictional defect, we believe the interests of justice, fairness and judicial economy require some additional opportunity to cure such pleading defects ...."); cf. Singletary v. Cont'l Ill. Nat'l Bank & Trust Co. of Chi., 9 F.3d 1236, 1238 (7th Cir.1993) ("[W]hen a plaintiff having elected federal jurisdiction goes all through the trial and appeal of his case without breathing any jurisdictional doubts, we think he should be deemed to have consented to the dropping of nondiverse parties if necessary to preserve federal jurisdiction. Otherwise a plaintiff who loses on the merits in the court of appeals could file a petition for rehearing pointing out the presence of the nondiverse [party] and be able to start over in state court."); Knop v. McMahan, 872 F.2d 1132, 1139 n. 16 (3d Cir.1989) ("To permit a case in which there is complete diversity throughout trial to proceed to judgment and then cancel the effect of that judgment and relegate the parties to a new trial in a state court because of a brief lack of complete diversity at the beginning of the case would be a waste of judicial resources.").
 
 
 5
 If the district court determines that a party is nondiverse and dispensable, the court may sever that party and still preserve its judgment over the claims of the remaining parties. See Universal IV, 312 F.3d 82, 88. We recognize that severance may have claim or issue preclusion consequences for appellant, but this merely reflects the hazards of bringing a diversity action in federal court without determining that all parties are properly diverse. See id. at 89.
 
 
 6
 We have previously expressed a concern that cases brought in federal courts in which diversity of citizenship is not properly alleged and/or does not exist are far too common. See Franceskin v. Credit Suisse, 214 F.3d 253, 255-57 (2d Cir.2000) (recounting cases). We have also urged counsel and district courts to treat subject matter jurisdiction as a threshold issue for resolution rather than one, as is too often the practice, to be addressed only when raised by a party or a court. See id. at 256-57.
 
 
 7
 This case may be an egregious example of an action with a doubtful jurisdictional basis being allowed to go to judgment on the merits. In its motion, appellant states that it "was aware [at the outset of litigation] in January of 2000 that defendants, Chase and Bank of New York ... did have offices, affiliates, or subsidiaries present in Texas" and that "at some point after 1997, at least defendants Chase and Bank of New York had a presence in Texas." Indeed, the motion also states that a parallel state court action was brought simultaneously, an act that surely reflected counsel's concerns over federal subject matter jurisdiction. Finally, counsel failed to pursue these concerns until after having lost the case below and argued it on appeal, consuming substantial judicial resources at the trial and appellate levels.
 
 
 8
 Appellant may therefore — we express no opinion — have brought and pursued this action without ever determining whether the claim of diversity jurisdiction was "warranted by existing law," see Fed. R.Civ.P. 11(b)(2), or had "evidentiary support or, if specifically so identified, [was] likely to have evidentiary support after a reasonable opportunity for further investigation or discovery," see Fed.R.Civ.P. 11(b)(3). If diversity jurisdiction is determined to be lacking as to some or all parties, we invite the district court to consider the factual and legal materials available to appellant at the relevant times and determine whether the imposition of sanctions under Rule 11 is appropriate. In light of appellees' failure to raise the jurisdictional issue, we call attention to the fact that Rule 11(c)(2) authorizes payment of monetary sanctions to the court, if such a sanction is deemed appropriate. See Fed. R.Civ.P. 11(c)(2). In that regard, we also note that appellant is insolvent and that choice of forum is an issue over which counsel exercises principal responsibility. Sanctions, if any, should therefore be imposed on counsel. See Fed.R.Civ.P. 11(c); Estate of Calloway v. Marvel Entm't Group, 9 F.3d 237, 241 (2d Cir.1993) (indicating that financial capability is a relevant factor in setting Rule 11 sanctions); Greenberg v. Hilton Int'l Co., 870 F.2d 926, 939 (2d Cir.1989) (limiting Rule 11 sanctions to counsel where client unaware of abuses).
 
 CONCLUSION
 
 9
 We therefore recall the mandate, vacate our prior summary order, and remand to the district court to determine whether subject matter jurisdiction exists, whether any nondiverse parties are dispensable, whether some jurisdiction may be salvaged, and whether Rule 11 sanctions should be imposed on appellant's counsel. To conserve judicial resources, any further appeal in this matter shall be heard by this panel to the extent practicable. The parties shall be responsible for alerting the Clerk of this court to the special assignment of any future appeal. Costs to appellees.
 
 
 
 Notes:
 
 
 [1]
 At oral argument, a member of the panelsua sponte raised a different jurisdictional issue, arising from appellant's pleading of jurisdictional facts in the alternative.