Joseph ACHTMAN, Shirley Achtman, Blair Ambach, Theodore Andreozzi, Sondra Baer–Miller, for the estate of Jenny Baer, Sandy Berkowitz, Joseph Berlinger, Elissa Berlinger, Gustave Birnberg, Faith Birnberg, George Cagen, Yvette Cohen, Selma Dauber, Martin Dauber, Isabel Ezersky, Paul Ezersky, Dorothy Feigenbaum, Richard Flynn, individually and for the estate of Herbert Flynn, Dorothy Gatson, Erwin Gatson, Gunther Glaser, Grace Gluck, Saul Gluck, Bernard Greenberg, Rona Greenberg, Brian

Henry, Albert Hodes, Arnold Jacobs, Hagop Jamgochian, Shamiram Jamgochian, Harry Kaiserman, Lawrence Kessler, Carl Kevorkian, Linda Tabris, for the estate of Bernice Kramera, Frederick H. Kroll, William Lenney, Sylvia Levine, Sidney Levine, Doris Levy, Lawrence Lindy, Anthony Longo, Joseph A. Longo, Harry Mandelbaum, Blanche Mandelbaum, Henry Medvin, Selma Medvin, Carol Peyser, Renee Pfau, Hyman Rock, Phillip Ross, Lloyd Schildcrout, Albert Sheridan, Eleanor Silverstein, Stanley Singer, Joe Singer, Kenneth Smith, Harold Sommers, Melvin Spencer, Ben Spencer, Russell Stott, Anne Stott, Paul Trusik, Harriet Wallshein, S. Joseph Wallshein, Eleanor Weidemeyer, Harry Weinstein, Edith Weinstein, Elaine Zinberg, Genia Zwirn and David Zwirn, Plaintiffs–Appellants,

v.

KIRBY, MCINERNEY & SQUIRE, LLP and Bernstein, Litowitz, Berger & Grossmann, LLP, Defendants–Appellees.

Docket No. 04–5473.

United States Court of Appeals, Second Circuit.

Sept. 19, 2005.

Arnold E. DiJoseph, III, DiJoseph & Portegello, P.C., New York, NY, for Plaintiffs–Appellants.

Bertrand Charles Sellier, Proskauer Rose LLP, New York, NY, for Defendants–Appellees.

Present: CARDAMONE, McLAUGHLIN, and POOLER, Circuit Judges.

## SUMMARY ORDER

IN CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,

**AND DECREED** that this matter is **REMANDED** to the District Court for the Southern District of New York (Sprizzo, *J.*) pursuant to the procedure outlined in *Franceskin v. Credit Suisse*, 214 F.3d 253, 259–60 (2d Cir.2000).

This case comes before us because on September 17, 2004, the district court dismissed a malpractice claim brought by individual plaintiffs against Kirby, McInerney, & Squire, LLP and Bernstein, Litowitz, Berger, & Grossmann, LLP ("Kirby, et al."), class counsel in *In re Bennett Funding Group, Inc. Sec. Litig.*, 96 Civ. 2583(JES). We remand to the district court to explain to this Court the basis for exercising jurisdiction over this action.

We have a July 30, 2002 Order which fails to explain jurisdiction, but it appears to enjoin Chikovsky and Shapiro, P.A., Shapiro & Shapiro, and "other firms acting in concert with them" from "[f]iling and/or proceeding with any legal malpractice claim against Class counsel relating to losses incurred in Bennett Funding securities in courts other than [the district court]." It is unclear to this Court how this Order applies to the plaintiffs in the current action, and even assuming it does, how the district court had jurisdiction to issue such an order.

The district court should explicitly address these two issues. First, the district court should state clearly its reasons for applying the July 30, 2002 Order to the current appellants who are not represented by the law firms named therein. Second, the district court should explain the bases upon which it exercised subject matter jurisdiction, beyond the assertion that jurisdiction was conferred "by virtue of the MDL."

With respect to the second issue, we remind the district court that the federal courts are of limited jurisdiction and possess only that power authorized by the Constitution and statute. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, —— U.S. ——, 125 S.Ct. 2611, 2616–17, 162 L.Ed.2d 502 (2005). Congress has enacted two statutes relevant to determining whether federal subject matter jurisdiction exists over the malpractice claim.

The diversity statute, 28 U.S.C. § 1332, grants courts original jurisdiction over all civil actions where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is, *inter alia*, between citizens of different states. "The party seeking to invoke the diversity jurisdiction of the court bears the burden of demonstrating that the requirements for jurisdiction have been satisfied." *Local 538, United Brotherhood of Carpenters v. United States Fid. & Guar. Co.*, 154 F.3d 52, 54 (2d Cir.1998). It is unclear whether the district court intended to invoke diversity jurisdiction, but if it did, it should explain its basis for determining that all of the diversity requirements are satisfied.

It is more likely that the district court based federal subject matter jurisdiction on supplemental jurisdiction under 28 U.S.C. § 1367. According to 28 U.S.C. § 1367(a), district courts "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." For a federal court to exercise supplemental jurisdiction, it must first have before it a claim sufficient to confer subject matter jurisdiction. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). This federal claim and the state claim over which supplemental jurisdiction is exercised must stem from the same common nucleus of operative fact. *Id.* To qualify, claims must do more than simply bear some factual relationship to each other.

*See Federman v. Empire Fire & Marine Ins. Co.,* 597 F.2d 798, 812 (2d Cir.1979). Rather, a plaintiff's claims must be such that "he would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers of Am.,* 383 U.S. at 725, 86 S.Ct. 1130.

The Second Circuit has not yet expressly held whether a malpractice claim stems from the same common nucleus of operative fact as the underlying action. This Court has, however, ruled that federal courts may exercise supplemental jurisdiction over fee disputes between litigants and their attorneys when the dispute relates to the main action. *Alderman v. Pan Am. World Airways,* 169 F.3d 99, 102 (2d Cir.1999); *see also Itar–Tass Russian News Agency v. Russian Kurier, Inc.,* 140 F.3d 442, 444–49 (2d Cir.1998).

If the district court finds that the fee-dispute cases dictate that malpractice claims similarly arise from the same common nucleus of operative fact as the underlying action, it should expressly so state. After the district court has made findings as to the existence or non-existence of jurisdiction, either party may restore jurisdiction to this Court within thirty days by letter to the Clerk's Office seeking review. The letter will inform the Clerk that the case will be heard by this panel upon letter briefs to be filed according to a schedule set by the Clerk. *United States v. Jacobson,* 15 F.3d 19, 21–22 (2d Cir.1994).

For the limited purpose of complying with this Order, we transfer the mandate back to the district court.