VICTOR MARRERO, United States District Judge
On June 28, 2018, the Court issued an Order dismissing certain third-party cross-claims in this action. See Rocky Aspen Mgmt. 204 LLC v. Hanford Holdings LLC, No. 16 Civ. 4270, 2018 WL 3471809, at *1 (S.D.N.Y. June 28, 2018) (hereafter, "June 28 Order," Dkt. No. 76). Upon further review of the record, the Court now raises concerns about whether it possessed subject matter jurisdiction over those *281 third-party cross claims at issue in the June 28 Order. Accordingly, the Court directs the parties to (1) show cause why the Court should not vacate its June 28 Order in part; and (2) address whether such vacatur impacts the Court's supplemental jurisdiction over other cross-claims.
I. BACKGROUND
The facts of this action are recounted in the Court's June 28 Order, and the parties' familiarity with those facts is assumed. In short, Plaintiff Rocky Aspen Management 204 LLC ("RAM 204") commenced this action against Hanford Holdings, LLC ("Hanford") seeking a declaratory judgment determining that RAM 204 owns the majority of membership interests in Rocky Aspen LLC, a Colorado limited liability company. (See"Complaint," Dkt. No. 1; "First Amended Complaint," Dkt. No. 15; "Second Amended Complaint," Dkt. No. 53.) Each of these complaints declares that the Court has jurisdiction over this civil action based on the parties' diversity of citizenship pursuant to 28 U.S.C. § 1332. (See, e.g., Second Amended Complaint 18.) RAM 204 is alleged to be a citizen of the states of New York, New Jersey, Connecticut, Florida and Colorado. (See id. ) Hanford is alleged to be a citizen of the state of California and the Cayman Islands. (See id. )
Hanford's answer to the First Amended Complaint included counterclaims against RAM 204, as well as claims against two groups of third-party impleaded defendants. (See"Answer and Third-Party Complaint," Dkt. No. 23.) One group consists of Jeffrey Citron, Stephen Goglia, Mark Hamwi, and Watershed Ventures LLC (collectively, and together with RAM 204, the "Watershed Defendants"). The other group consists of Patrick McGrath, AH DB Kitchen Aspen Investors LLC ("AH DB"), Castlegrace Equity Investors LLC ("Castlegrace"), and Aristone Hospitality LLC ("Aristone," and collectively, the "Aristone Defendants"). Among the relevant citizenship allegations, Hanford asserted that AH DB and Castlegrace have principal places of business in New York. (See id. ¶ 12.) AH DB and Castlegrace subsequently admitted these allegations. (See Dkt. No. 40 ¶ 12.)
On February 14, 2017, the Watershed Defendants filed their answer to Hanford's Third-Party Complaint and alleged three state law cross-claims against the Aristone Defendants. (See"Watershed Cross-claims," or "Cross-claims," Dkt. No. 49.) The instant Order concerns the Court's subject matter jurisdiction over those cross-claims. Relevant to the Court's inquiry, the Cross-claims do not distinguish which of the Watershed Defendants the claims are brought on behalf of. Because the Watershed Defendants themselves -- as do the Court and all other parties in the action -- include RAM 204 within the definition of "Watershed Defendants," the Cross-claims are thus presumably brought, in part, on behalf of RAM 204. The Cross-claims include no jurisdictional allegations.
By letter dated March 6, 2017, the Aristone Defendants sought leave to move to dismiss the Watershed Cross-claims pursuant to Rule 12(b) (6) of the Federal Rules of Civil Procedure (" Rule 12(b)(6)"). (See"March 6 Letter," Dkt. No. 51; "March 17 Letter," Dkt. No. 75 at 1 n.2.) At that time, the Aristone Defendants did not raise any concerns about the Court's subject matter jurisdiction over the Watershed Cross-claims. The Court construed those two letters as a motion to dismiss under Rule 12(b)(6) (see June 28 Order at 41-42), and granted it, dismissing all three of the Watershed Cross-claims.[1]
*282 Finally, the Aristone Defendants recently filed their own cross-claims against the Watershed Defendants, years after Hanford impleaded all the parties. (See Dkt. No. 89.)
II. LEGAL STANDARDS
Subject matter jurisdiction is a threshold issue, and courts must evaluate their jurisdiction over every claim, including cross-claims brought by or against impleaded third-parties. See United Republic Ins. Co., in Receivership v. Chase Manhattan Bank, 315 F.3d 168, 170-171 (2d Cir. 2003). "When a requirement goes to subject-matter jurisdiction, courts are obligated to consider sua sponte issues that the parties have disclaimed or have not presented." Gonzalez v. Thaler, 565 U.S. 134, 141, 132 S.Ct. 641, 181 L.Ed.2d 619 (2012). This rule is expansive and strict. It even applies to situations where a court has previously dismissed a complaint with prejudice. See, e.g., Bukowski v. Spinner, No. 17 Civ. 845, 2017 WL 9511248, at *1 (E.D.N.Y. May 2, 2017) (vacating prior judgment that dismissed action with prejudice and dismissing for lack of subject matter jurisdiction).
Here, the Court's jurisdiction over RAM 204's original claim against Hanford was premised on diversity of citizenship, which requires complete diversity between the plaintiff and all defendants, and that the amount in controversy exceeds "the sum or value of $ 75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Because RAM 204 brought only state law claims, it could not invoke federal question jurisdiction under 28 U.S.C. § 1331.
Additionally, in cases where a federal district court already has original jurisdiction, the court may also exercise "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." Viacom Int'l, Inc. v. Kearney, 212 F.3d 721, 726 (2d Cir. 2000) (quoting 28 U.S.C. § 1367(a) ).
However, section 1367(b) qualifies a court's exercise of supplemental jurisdiction in diversity cases, such as the instant action, providing that:
In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.
28 U.S.C. § 1367(b).
Thus, in a case where the court has jurisdiction premised on diversity, plaintiffs cannot rely on supplemental jurisdiction to bring claims against defendants impleaded under Federal Rule of Civil Procedure 14 (" Rule 14"). See 28 U.S.C. § 1367(b) ; see also 13D Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3567.2 (3d ed. 2018) (a claim by a plaintiff against a third-party defendant "is a claim by a plaintiff against a person made a party under Rule 14, [and] the express language of § 1367(b) withdraws the supplemental jurisdiction *283 initially granted to the claim by § 1367(a). Such claims do not invoke supplemental jurisdiction.").
Impleaded defendants, however, may bring claims against one another without running afoul of the supplemental jurisdictional limitation in section 1367(b), because the limitation functions to exclude claims brought by plaintiffs, but not those brought by impleaded defendants. See Viacom Int'l, 212 F.3d at 726-27 ("Significantly, § 1367(b) reflects Congress' intent to prevent original plaintiffs -- but not defendants or third parties -- from circumventing the requirements of diversity.").
Although "[t]he caselaw on section 1367(b) is sparse," "courts adhere to its requirements fairly strictly in order to preserve the complete diversity requirement." F5 Capital v. Pappas 856 F.3d 61, 79 (2d Cir. 2017). Thus, other district courts in the Second Circuit have dismissed claims under similar circumstances. See, e.g., Nastasi v. Lari, No. 15 Civ. 6066, 2017 WL 943935, at *4 (E.D.N.Y. Mar. 9, 2017) (dismissing plaintiff's claims against party joined under Federal Rule of Civil Procedure 20 because of the application of section 1367(b) ); Bolt v. Kirley, No. 12 Civ. 0583, 2012 WL 5006262, at *6 (S.D.N.Y. Oct. 18, 2012) (same); Chase Manhattan Bank, N.A. v. Aldridge, 906 F.Supp. 866, 869 (S.D.N.Y. 1995) (dismissing plaintiff's claims against third-party defendant joined under Rule 14 because of the application of section 1367(b) ).
III. DISCUSSION
The Court now considers whether it had jurisdiction over the Watershed Cross-claims, brought in part by RAM 204, against the impleaded Aristone Defendants that were dismissed pursuant to the June 28 Order. First, the Watershed Cross-claims, all of which assert state law claims, do not invoke federal question jurisdiction. Nor do they invoke diversity of citizenship jurisdiction, because an examination of the parties' citizenship as declared in the pleadings reveals a lack of complete diversity between RAM 204 and the Aristone Defendants. According to the parties' filings, RAM 204 is a citizen of New York, as are at least two of the Aristone Defendants, AH DB and Castlegrace. AH DB or Castlegrace is named in each of the three Watershed Cross-claims, thus destroying complete diversity and divesting the Court of federal subject matter jurisdiction.
Finding no federal question or diversity of citizenship jurisdiction in this action, the Court evaluates whether it can exercise supplemental jurisdiction over the Watershed Cross-claims. First, the Court concludes that the Watershed Cross-claims "form part of the same case or controversy" as the original action. 28 U.S.C. § 1367(a).
Next, however, because this action is predicated on diversity jurisdiction, the Court must apply section 1367(b). Critically, the Court observes that RAM 204 -- the original plaintiff in this action -- is included among the Watershed Defendants bringing claims against the Aristone Defendants. RAM 204's inclusion within the Watershed Defendants transforms the Cross-claims into claims brought by the original plaintiff "against persons made parties under Rule 14." 28 U.S.C. § 1367(b). The Court is persuaded that the statute compels vacatur of the June 28 Order so as dismiss the Watershed Cross-claims on the basis of absence of subject matter jurisdiction.
For these reasons, the Court sua sponte raises the issue of its subject matter jurisdiction with respect to the Watershed Cross-claims and directs the parties to show cause why the Court should not vacate in part the June 28 Order dismissing *284 the Watershed Cross-claims and simultaneously dismiss the Watershed Cross-claims for lack of subject matter jurisdiction. The parties should bring to the Court's attention any objections, relevant law, or jurisdictional facts that may bear on this issue.
Further, the dismissal without prejudice for lack of subject matter jurisdiction may enable the Watershed Defendants to raise similar claims in another court of competent jurisdiction. Accordingly, the parties should also address whether the Court should, in its discretion under 28 U.S.C. § 1367(c), decline to exercise supplemental jurisdiction over the claims in the Aristone Defendants' Third-Party Complaint (Dkt. No. 89), thus limiting disputes between the Watershed Defendants and Aristone Defendants to a single forum.
IV. ORDER
For the reasons stated above, it is hereby
ORDERED that the parties show cause why Court should not vacate in part its June 28, 2018 Order (Dkt. No. 76) and consequently dismiss the Third-Party Cross-claims (Dkt. No. 49) brought by plaintiff Rocky Aspen Management 204 LLC and Third-Party Defendants Jeffrey Citron, Stephen Goglia, Mark Hamwi, and Watershed Ventures LLC (collectively, the "Watershed Defendants") against Third-Party Defendants Patrick McGrath, AH DB Kitchen Aspen Investors LLC, Castlegrace Equity Investors LLC, and Aristone Hospitality LLC (collectively, the "Aristone Defendants") for lack of subject matter jurisdiction. The parties should also address the impact, if any, of such vacatur on the Aristone Defendants' Third-Party Complaint (Dkt. No. 89). The parties are to submit letters, not to exceed three pages, excluding exhibits, no later than Wednesday, February 6, 2019. Each set of defendants should submit its own joint letter: one from the Watershed Defendants; and one from the Aristone Defendants.
SO ORDERED.

The June 28 Order also dismissed certain claims against Hanford that RAM 204 added to the Second Amended Complaint. (See June 28 Order at 41-42.) The Court has subject matter jurisdiction over those claims, and the instant Order does not implicate the prior dismissal of those claims.